# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN R. CARTAGENA, | Case No. CV 07-3485-JTL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On June 4, 2007, Juan Cartagena ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits. On June 15, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On June 20, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on December 13, 2007, defendant filed an Answer to the Complaint. On March 10, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On January 4, 2005, plaintiff filed an application for Supplemental Security Income. (Administrative Record ["AR"] at 55-57). Plaintiff alleged that he stopped working in 1995 due to problems with his left knee and his vision, that he was unable to lift or bend, and suffered from knee pain and headaches. (AR at 813-14). On April 28, 2005, the Commissioner denied plaintiff's application for benefits. (AR at 44). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 51).

On July 31, 2006, the ALJ conducted a hearing in West Los Angeles, California. (See AR at 809-818). Plaintiff appeared at the hearing with counsel and testified with the assistance of an interpreter. (AR at 811, 812-16). June Hagen, Ph.D., a vocational expert, also appeared and testified at the hearing. (See AR at 816-17).

On September 20, 2006, the ALJ issued his decision denying benefits to plaintiff. (AR at 29-33). The ALJ found that plaintiff had the following severe impairments: monocular vision and borderline intellectual functioning. (AR at 30). The ALJ held that plaintiff's severe impairments did not meet or equal in severity the criteria for an impairment contained in the Listings. (Id.). The ALJ determined that plaintiff retained the residual functional capacity to perform short and simple tasks with some limitations with depth perception and peripheral vision, and some safety concerns around moving machinery and dangerous situations. (AR at 32). The ALJ concluded that plaintiff could perform his past relevant work as a yard worker and that plaintiff was, therefore, not disabled. (Id.). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4-7).

Thereafter, plaintiff appealed to the United States District Court.

///
///
///
///
///
///

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to fully develop the record with regard to plaintiff's eye condition and his cirrhosis, and failed to properly evaluate the severity of plaintiff's knee impairment.

2. The ALJ improperly discredited plaintiff's testimony about his functional limitations.

3. The ALJ improperly determined that plaintiff retained the ability to perform his past relevant work.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.     The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20

1 C.F.R. §§ 404.1520, 416.920.

2 The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Plaintiff's Past Relevant Work**

Plaintiff claims that the ALJ improperly determined that plaintiff could perform his past relevant work as a yard worker. Specifically, plaintiff argues that the ALJ's finding is not supported by substantial evidence because plaintiff's established limitations - that he can perform only simple tasks and is cognitively functioning in the borderline range - preclude him from performing his past relevant work. (Joint Stipulation at 24, 27-28). Defendant argues that the ALJ properly relied on the vocational expert's testimony in support of his determination that plaintiff retained the functional capacity to perform his past relevant work as a yard worker. (Joint Stipulation at 25).

In order to determine whether a claimant has the residual functional capacity to perform

4

his or her past relevant work, the ALJ must evaluate the work demands of the past relevant work and compare them to the claimant's present capacity. Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). The claimant has the burden of showing that he or she can no longer perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Clem v. Sullivan, 894 F.2d 328, 331-32 (9th Cir. 1990). Although the burden of proof lies with the claimant, the ALJ still has a duty to make the requisite factual findings to support his or her conclusion. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Social Security Ruling ("SSR")[1] 82-62 was promulgated to "explain the procedures for determining a disability claimant's capacity to do past relevant work," and "to clarify the provisions so that they will be consistently applied." SSR 82-62 states that any determination regarding a claimant's ability to perform past work "must be developed and explained fully in the disability decision" and that "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." This determination requires "a careful appraisal" of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the Dictionary of Occupational Titles ("DOT").[2] SSR 82-62.

SSR 82-62 further states that adequate documentation must be obtained to support the decision, including "factual information about those work demands which have a bearing on the medically established limitations." Thus, "[d]etailed information about . . . mental demands and other job requirements must be obtained as appropriate." SSR 82-62. Specifically, a conclusion that a claimant can return to his or her past relevant work requires the ALJ to make explicit findings of fact as to the following issues: (1) the physical and mental demands of the

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

[2] The DOT describes the duties and requirements of the numerous occupations that it chronicles. The DOT assigns each job a strength rating that represents the overall strength requirements which are considered to be important for average, successful work performance. See Dictionary of Occupational Titles, Fourth Edition, 1991, Appendix C, available at http://www.oalj.dol.gov/public/dot/references/dotappc.htm.

past occupation; (2) the claimant's residual functional capacity; and (3) whether claimant's residual functional capacity permits him or her to return to her past occupation. See SSR 82-62; see also Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002).

Here, the ALJ asked the vocational expert whether a hypothetical person with plaintiff's assessed limitations could perform plaintiff's past relevant work:

> If we have a hypothetical individual [plaintiff's] age, education, and lets say he could do short simple tasks, and he's got binocular vision so there's a limitation on depth perception and peripheral vision, maybe a safety issue around moving machinery or dangerous situations, could he perform his past work?

(AR at 816-17). After the ALJ told the vocational expert that there was no exertional level, the vocational expert testified that such a person could perform plaintiff's past relevant work as it was performed by plaintiff. (AR at 817). The ALJ noted that the DOT lists plaintiff's past relevant work as a "heavy" and that plaintiff had performed it as a "medium."[3] (Id.). The vocational expert testified that her response was consistent with the DOT. (Id.).

In the decision, the ALJ determined that plaintiff retained the residual functional capacity to perform short and simple tasks, and would have some limitations with depth perception and peripheral vision, as well as some safety concerns around moving machinery and dangerous

---

[3] The DOT defines medium work as:

> Exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects. Physical Demand requirements are in excess of those for Light Work.

The DOT defines heavy work as:

> Exerting 50 to 100 pounds of force occasionally, and/or 25 to 50 pounds of force frequently, and/or 10 to 20 pounds of force constantly to move objects. Physical Demand requirements are in excess of those for Medium Work.

Dictionary of Occupational Titles, Fourth Edition, 1991, Appendix C.

situations, as a result of his monocular vision. (AR at 32). The ALJ relied on the vocational expert's testimony at trial and concluded that plaintiff retained the residual functional capacity to return to his past relevant work:

> According to the vocational expert, [plaintiff]'s past relevant work as a yard worker is generally performed at the heavy exertional level (Dictionary of Occupational Titles Job Number 301.687-018 (SVP 2)) but was specifically performed by [plaintiff] at the medium exertional level. In considering [plaintiff's] age, education, and residual functional capacity, the vocational expert testified that his past work did not require the performance of work activities precluded by his severe impairments. The [ALJ] accepts the testimony of the expert witness and finds that [plaintiff] is able to return to the type of work he performed in the past.

(Id.). Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act. (Id.).

Plaintiff argues that the ALJ's determination that plaintiff is limited to "short, simple tasks" is inconsistent with the requirements of the occupation of yard worker as defined by the DOT. According to the DOT, the occupation of yard worker requires reasoning development at a level two. Reasoning level two is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Dictionary of Occupational Titles, Fourth Edition, 1991, Appendix C. Plaintiff argues that his limitation to short simple tasks is consistent with level one reasoning development: the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job."

The ALJ's residual functional capacity determination - that plaintiff is limited to short, simple tasks - conflicts with the DOT's description of the reasoning development skills required by plaintiff's past relevant work. Yet the ALJ's determination that plaintiff could perform his past relevant work as a yard worker did not involve a discussion of the required reasoning skills of plaintiff's past occupation. The ALJ did not make the required findings of fact as to whether plaintiff's residual functional capacity, which the ALJ determined was limited to the ability to perform short and simple tasks, with some limitations as to depth perception and peripheral vision, and some safety concerns around moving machinery and dangerous situations, permitted plaintiff to return to his past relevant work as a yard worker. The ALJ apparently presumed that plaintiff's residual functional capacity permitted him to perform the mental demands of his past relevant work. While the ALJ may have found as much, there is a "gap in [the ALJ's] reasoning that must be filled on remand." Villa, 797 F.2d at 799 (internal quotes omitted); see also Pinto, 249 F.3d at 847. The ALJ failed to make specific findings with respect to the demands of plaintiff's past relevant work and whether plaintiff's residual functional capacity permitted him to return to his past occupation. As such, the ALJ failed to make specific findings as required by SSR 82-62.

**C.    Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to make specific findings with respect to the physical and mental demands of plaintiff's past relevant work. On remand, the ALJ must reexamine the physical and mental demands of plaintiff's past relevant work when making conclusions with respect to his residual functional capacity to perform the work. If the ALJ finds that plaintiff does not retain the residual functional capacity to perform his past relevant work, the ALJ must move on to step five of the sequential evaluation and determine

1 whether plaintiff's impairments prevent him from performing any other substantially gainful
2 activity.[4]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 10, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[4] In the Joint Stipulation, plaintiff also contends that the ALJ erred by failing to fully develop the record and evaluate the medical evidence and improperly discredited plaintiff's testimony regarding his functional limitations. As explained above, however, the ALJ's error in failing to make specific findings with regard to plaintiff's past relevant work constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.